UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IVETTE COLON,

    Plaintiff,

v.                                                        Case No: 6:17-cv-133-Orl-22TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 405(g) and 1383 (c)(3), to obtain judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits and supplemental security income under the Act. Upon a review of the record, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**.

### Background[1]

Plaintiff filed for benefits alleging that she became disabled on June 25, 2013, due to fibromyalgia, pain (body, hands, abdominal), allergies, and issues with her blood pressure and thyroid (Tr. 174-190, 220). Her applications were denied initially and on reconsideration, and she requested and received a hearing before an administrative law judge ("ALJ") (Tr. 109-127, 30-67). On the date of the hearing, Plaintiff was forty-seven

---

[1] The information in this section comes from the parties' joint memorandum (Doc. 22).

years old, with a GED and past relevant work experience as a customer service representative (Tr. 22-23, 33-36, 221).

On June 24, 2015, the ALJ found Plaintiff not disabled (Tr.10-29). The Appeals Council denied Plaintiff's request for review (Tr. 1-8), making the ALJ's June 2015 decision the final decision of the Commissioner. Plaintiff brings this action after exhausting her available administrative remedies. The issues have been fully briefed, and the matter was referred to me for a report and recommendation.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that the claimant can perform. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

In this case the ALJ performed the required sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 15). At step two, the ALJ determined that Plaintiff suffered from the severe impairments of fibromyalgia; a history of hypertension; hypothyroidism; arthritis; and obesity (20 CFR 404.1520(c) and 416.920(c)) (Tr. 15). At step three, the ALJ found that

Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 17). Next, the ALJ decided that Plaintiff had the residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) with additional restrictions. Specifically, the claimant is capable of: lifting and carrying up to 20 pounds on an occasional basis and 10 pounds on a frequent basis; standing and/or walking for approximately six hours during an eight-hour workday; and sitting for approximately six hours during an eight-hour workday. The claimant is limited to work that allows her to sit or stand alternatively, at will, provide [sic] a person is within employer tolerances for off-task behavior. The claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs, but cannot climb ladders, ropes or scaffolds. The claimant must avoid concentrated exposure to the use of moving machinery or exposure to unprotected heights.

(Tr. 17).

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work (Tr. 22). But, based on the testimony of a vocational expert, the ALJ concluded at step five that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform (Tr. 23-24). As a result, the ALJ held that Plaintiff was not under a disability from June 25, 2013, through the date of the Commissioner's decision (Tr. 24).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).

Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

Plaintiff contends that the Commissioner failed to weigh the opinions of a treating physician and improperly relied on the testimony of the vocational expert.

### Evaluation of Medical Opinion Evidence

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Winschel, 631 F.3d at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2),

416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).) When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. See 20 C.F.R. §§ 404.1527(c), 416.927(c). All opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. See 20 C.F.R. §§ 404.1527, 416.927, and Winschel.

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Lewis v. Callahan, 125 F.3d 1436 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding a medical opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. Lewis, 125 F.3d at 1440. Regardless of whether controlling weight is appropriate, "the Commissioner 'must specify what weight is given to a treating physician's opinion and any reason for giving it no weight." Hill v. Barnhart, 440 F. Supp. 2d 1269, 1273 (N.D. Ala. 2006) (citation omitted); see also Sullivan v. Comm'r. Soc. Sec., No. 6:12-cv-996-Orl-22, 2013 WL 4774526, at *7 (M.D. Fla. Sept. 4, 2013); Bumgardner v. Comm'r Soc. Sec., No. 6:12-cv-18-Orl-31, 2013 WL 610343, at *10 (M.D. Fla. Jan. 30, 2013); Bliven v. Comm'r Soc. Sec., No. 6:13-cv-1150-Orl-18, 2014 WL 4674201, at *3 (M.D. Fla. Sept. 18, 2014); Graves v. Comm'r Soc. Sec., No. 6:13-cv-522-Orl-22, 2014 WL 2968252, at *3 (M.D. Fla. June 30, 2014).

Plaintiff argues that the ALJ did not indicate the weight she assigned to the opinions of Plaintiff's treating physician from Deltona Fountains Medical. Plaintiff contends that she was seen at this facility in 2012 and 2013, "yet, most of these handwritten medical records are illegible, so it is unclear how the ALJ could have considered these records." (Doc. 22 at 12). Relying on cases from other circuits, Plaintiff contends that the illegibility of this "important evidentiary material" warrants remand. Id. The Commissioner counters that, as the records from this facility pre-date Plaintiff's alleged onset of disability, they are not relevant and the ALJ had no duty to develop these records further. I agree with the Commissioner.

Plaintiff does not identify exactly which opinion or opinions she contends were not considered by the ALJ, nor does she identify any specific doctor who rendered the allegedly overlooked opinions. Instead, she cites generally to all of the records of this facility (Doc. 22 at 12; Tr. 382-458). These records, contained in administrative Exhibit 3F, date from July 3, 2012 to June 12, 2013–prior to Plaintiff's alleged onset date. And, contrary to Plaintiff's contention, the ALJ did not ignore this exhibit. The ALJ noted that "[r]ecords prior to the alleged onset date have been considered for longitudinal history purposes" (Tr. 19), but: "As these records are prior to the alleged onset date, any opinions are given no weight (Exhibits IF and 3F)." As this finding is supported by substantial evidence, Plaintiff has failed to meet her burden of showing how these pre-onset records are nonetheless relevant evidentiary material.

Plaintiff fails to identify any physician at Deltona Fountains Medical. The Commissioner argues, and I agree, that a "facility" is not an acceptable medical source. An "acceptable medical source" can only be one of the following: a licensed physician, licensed or certified psychologist; licensed optometrist, licensed podiatrist, or a qualified

speech-language pathologist. See 20 C.F.R. §§ 404.1502(a). The regulations do not recognize an institution as a "treating source."

I am also not persuaded that the ALJ had a duty to develop the record further, to the extent portions of the Deltona Fountain Medical records are not legible. Plaintiff was represented by counsel in the administrative proceedings and made no objection to the admission of this exhibit (Tr. 33). When the ALJ inquired: "Okay, so we have a complete medical record at this point in time?" Plaintiff's counsel responded: "We do." (Tr. 65).[2] While an ALJ has a basic duty to fully and fairly develop the record whether or not the claimant is represented by counsel, it remains Plaintiff's burden to prove she is disabled, and she is responsible for producing evidence in support of her claim. See Cowart v. Schweiker, 662 F.2d 731, 735-36 (11th Cir. 1981); Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam); Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). The ALJ can hardly be faulted for failing to further develop the evidence given Plaintiff's representation that the record was complete. See Williams v. Comm'r, Soc. Sec. Admin., 703 F. App'x 780, 783 (11th Cir. 2017) (when the ALJ asked claimant's attorney whether the record contained everything that Williams wanted the ALJ to consider and Williams's attorney answered that it did (with the exception of an unrelated record), "[t]he ALJ … fulfilled his duty to develop the medical record.").

Even if the ALJ had failed in his duty to fully develop the record, remand is necessary only if "the record reveals evidentiary gaps which result in unfairness or clear prejudice." Mosley v. Acting Com'r of Soc. Sec. Admin., 633 F. App'x 739, 742 (11th Cir. 2015) (quoting Brown v. Shalala, 44 F.3d 931 at 935 (11th Cir. 1995). In view of the ALJ's

---

[2] Counsel asked for the record to remain open to include a "clear copy" of a hospital record, and the ALJ obliged (Tr. 65-66).

thorough review of the post-onset record, the substantial evidence identified by the ALJ (and not contested by Plaintiff) that supports the ALJ's findings, and Plaintiff's failure to identify any alleged limitation which was overlooked by the ALJ, the mere possibility that the pre-onset notes *might* reflect a pertinent finding is not "clear prejudice" that necessitates remand.

### The Vocational Expert Testimony

In this circuit, when "the ALJ elects to use a vocational testimony to introduce independent evidence of the existence of work that a claimant could perform, the ALJ must pose a hypothetical question that encompasses all of the claimant's severe impairments in order for the VE's testimony to constitute substantial evidence." Chavanu v. Astrue, No. 3:11-cv-388-J-TEM, 2012 WL 4336205, at *9 (M.D. Fla. Sept. 21, 2012) (citing Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985).

Plaintiff admits that the ALJ assessed her RFC and "posed a hypothetical question to the vocational expert with the same limitations" (Doc. 22 at 18; Tr. 17, 58-59). Nonetheless, Plaintiff claims that the hypothetical question asked, and which the vocational expert answered, does not accurately account for all of Plaintiff's limitations "as outlined in the evidence." (Doc. 22 at 18). Although Plaintiff appears to challenge the ALJ's RFC finding, she does not identify what specific limitations were not adequately reflected and I find none. To the extent Plaintiff's argument is a contention that the medical records prior to the date of onset may contain a limitation, this is unpersuasive for the reasons stated above.

### Recommendation

As the Commissioner's administrative decision comports with proper legal standards and is supported by substantial evidence, I respectfully recommend that it be

**AFFIRMED**, and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on January 12, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record

- 9 -